**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| KENNETH  SEATS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 2:13-cv-00421-WTL-WGH |
| | ) | |
| SUPERINTENDENT, Putnamville | ) | |
| Correctional Facility, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry and Order Dismissing Action**

Petitioner Kenneth Seats was disciplined in a proceeding identified as ISF 13-10-0340.

Contending that the disciplinary proceeding is tainted with constitutional error, Seats seeks a writ

of habeas corpus. Having examined such petition, and being duly advised, the court finds that

Seats' petition must be denied.

**Discussion**

Limited and well-defined due process procedures must be followed before good time may

be taken from a prison inmate such as petitioner Seats.

> Due process requires that prisoners in disciplinary proceedings be given: "(1)
> advance (at least 24 hours before hearing) written notice of the claimed violation;
> (2) the opportunity to be heard before an impartial decision maker; (3) the
> opportunity to call witnesses and present documentary evidence (when consistent
> with institutional safety); and (4) a written statement by the fact-finder of the
> evidence relied on and the reasons for the disciplinary action." *Rasheed-Bey v.
> Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992); *see also Wolff v. McDonnell,* 418
> U.S. 539, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974).

*Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). In addition, there is a substantive

component to the issue, which requires that the decision of a conduct board be supported by

"some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

In the challenged proceeding, Seats was charged with and found guilty of Class A offense

# 100, violation of any law. In this action Seats argues that he was denied evidence and that the

evidence was insufficient to show he was guilty. The disciplinary action at issue began on

October 23, 2013, when Internal Affairs Investigator David Wire wrote a Report of Conduct in

case ISF 13-10-0340 charging Seats with Class A offense, violation of law, specifically, Indiana

Code Section 35-44.1-3-5, trafficking. The Conduct Report states:

> From July12, 2013 to October 18, 2013 MR. (sic) Darrin Chaney had
> obtained intelligence indicating that Offender Kenneth Seats # 956627 was
> actively participation (sic) in a conspiracy to traffic and (sic) controlled
> substances into this facility. On October 20, 2013 during a shakedown Offender
> Seats was found to be in possession of approximately 34 grams of a mixture of
> marijuana and cush/K-12 and approximately 120 strips of suboxone. This
> shakedown took place shortly after he left the Offender Dining Room. Offender
> Seats was allegedly trafficking with Ms. Shannon Crafton, Aramark Supervisor.

Correctional Officer R. Snyder had written an earlier report on May 20, 2013, which stated as

follows:

> On 10-20-13 at approximately 10:30 am, I, C.O.R. Snyder 499, ordered offender
> Kenneth Seats 956627 to walk to the Porters Room to submit to a strip search.
> While conducting the strip search, I discovered a foreign object between the
> cheeks of his buttocks. I ordered Seats to take it out and hand it to me. Seats
> complied. I finished the strip search. Seats was advised of all reports, identified by
> his state ID. He was escorted to HCU then MSU.
>
> Upon opening the object in the Capt. office, I discovered a large amount of what
> looked like marijuana, and approx. 120 strips of Suboxone. It was packaged in
> clear plastic and yellow masking tape. The Suboxone was wrapped in black
> electrical tape, within the plastic.

On October 25, 2013, Seats was notified of the charge of violation of state law and was given the notice of disciplinary hearing (Screening Report). Seats was notified of his rights and pled not guilty. He requested video evidence along with all the items he was found to be trafficking.

On October 29, 2013, a hearing officer conducted a disciplinary hearing and found Seats guilty of Class A offense # 100. Seats appealed without success. This action followed. In this civil action, Seats argues that he is entitled to relief on four grounds.

First, Seats argues that he was denied the opportunity to listen to the phone conversations which implicated him in trafficking and that these conversations are not evidence that he was trafficking with Ms. Crafton. This argument is rejected. There is no basis upon which to conclude that the phone conversations were recorded and available for review. Instead, the record reflects that the calls were monitored. In addition, there is no plausible basis to believe that any recording of the phone conversations would have been exculpatory.

Second, Seats argues that there were errors in his conduct report. Specifically, the conduct report does not specifically state where the shake down took place. In addition, the investigation reports lists his offense as stalking but the report of conduct lists his offense as violating Federal, State or local law. This argument is also without merit. The perceived errors in the conduct report are superficial at best. Seats knew where the shake down occurred and knew the offense of which he was being charged. These typographical errors did not violate Seats' constitutional rights.

Third, Seats argues that the report of conduct reflects that intelligence collected from July 12, 2013, to October 18, 2013, suggested that he was actively participating in a conspiracy to traffic controlled substances into the facility, but Seats was not working in the kitchen until August 2013. This argument does not entitle Seats to any relief. The report of conduct does not

charge Seats with trafficking in July, only that the investigation began in July. Seats was not found guilty of trafficking in July 2013, he was found guilty based on the October 20, 2013, shake down where he was found to possess contraband.

Finally, Seats argues that there is no evidence to support that he was trafficking in the dining room. Instead, the transaction could have taken place on the walk. No relief is warranted on this basis. The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). The evidence favorable to the decision of the hearing officer includes the conduct report and report of investigation. This evidence is sufficient to support the hearing officer's decision. *See Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented.").

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Seats to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/03/14

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

4

Distribution:

KENNETH SEATS
956627
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

All Electronically Registered Counsel